Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* George F. Hahn, Jr., Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Marshall M. Cohen,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 4, 1976:

Section 211(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §211(a), provides that one who knowingly and willingly possesses an altered registration card shall be guilty of a felony. The appellant, George F. Hahn, Jr., entered a plea of guilty to this offense on November 29, 1974 and was sentenced to pay a fine and costs and placed on probation.

The Commonwealth's Department of Transportation (PennDOT) on February 13, 1975 sent Hahn a written notice that his operating privileges were to be revoked

on March 20, 1975 for a period of one year because of the conviction. This action was taken pursuant to Section 616(a)(2) of The Vehicle Code, 75 P.S. §616(a)(2).

On March 10, 1975, Hahn filed an appeal from Penn-DOT's order in the Court of Common Pleas of Lancaster County and PennDOT's revocation action was superseded. By order made April 24, 1975, after a hearing on the merits of PennDOT's action, the Court determined that Hahn's operating privileges had been properly revoked and dismissed his appeal. The appeal to this Court followed.

*Hahn has had his operating privileges without interruption to this date.*

The appellant argues, as he did in the court below, that his right to procedural due process was violated because PennDOT did not afford him an administrative hearing before telling him on February 13, 1975 that his operating privileges would be revoked on March 20, 1975. This issue was decided squarely against the appellant in *Jennings v. Mahoney,* 404 U.S. 25 (1971) in materially identical circumstances. There the motorist also complained that she was denied procedural due process because her license was administratively suspended by reason of a collision, without a hearing on fault, although a State Court had stayed the suspension pending completion of judicial hearing and review. The Supreme Court of the United States by a unanimous per curiam opinion held that the question of whether the State's statutory scheme afforded due process did not arise because the State court by superseding the suspension and providing a hearing had afforded the motorist procedural due process.

The appellant's secondary argument that PennDOT's revocation notice should be held to be without effect because it refers to appellant's conviction of violating Section 211(1) instead of Section 211(a) of The Vehicle Code, is also without merit. The discrepancy was noted

at the hearing in the court below and the appellant was not in any way mislead by this insignificant and, in the event, harmless inadvertance.

Order affirmed.