Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Ronald Eugene Marraccini, Appellee.

Argued March 4, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Charles N. Caputo,* for appellee.

OPINION BY JUDGE WILKINSON, March 23, 1976:
The appellee's operating privileges were revoked by the Secretary of Transportation for a period of one year pursuant to Section 616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §616(a)(4):

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privileges of any such person: ....

. . . .

"(4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act.' "

The revocation was based on a certification from the Clerk of Courts of Fayette County that the appellee had been convicted on December 3, 1973, of violating The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Section 13(a), Clauses 16 and 31, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-113(a)(16), (31).

The pertinent facts are that on July 22, 1973, the State Police received a report that a "drug party" was taking place in a local inn. The police went to investigate and found marijuana in the room. Appellee was identified as having been in the room and was seen driving away from the inn. All State Police cars in the area were alerted to the description of the vehicle and of appellee. One of the officers testified at the de novo hearing that a few hours later, he observed the vehicle and appellee driving it. The State Police officer stopped appellee and detained him until the investigating officers arrived. The appellee admitted he had marijuana in the glove compartment of the car and the officers obtained it. He was then taken into custody and taken to the State Police station. A search warrant was obtained and a thorough search of the vehicle revealed a "suitcase in the back [in which] we found numerous items containing suspected marijuana, reefers, scales, rather large pouch of marijuana. . . ." Following the search, the arresting officer, who also testified at the de novo hearing, "placed charges of not only possession of marijuana but referring to possession with intent to deliver based on this."

The appellee pled guilty to the violation of Clauses 16 and 31 of Section 13(a) of the Drug Act, which provide:

"(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or

pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

. . . .

"(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marijuana only for personal use; (ii) the possession of a small amount of marijuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marijuana but not for sale."

The only issue before us is whether the officers' testimony at the de novo hearing established that the two charges to which the appellee pled guilty grew out of the marijuana found in the motor vehicle as distinguished from the marijuana found in the inn room. The lower court found it did not. We disagree and must reverse.

First and foremost, there is no evidence in the record that any charges were filed other than those filed pursuant to the marijuana found in the glove compartment of the car and in the suitcase found in the car. Under the facts in this record, it taxes the imagination beyond the breaking point to suppose that some other officers (no other officers were referred to) might have filed two charges involving the marijuana found in the room, thus making four charges in all. It would then have to be imagined that the appellee pled guilty to those two imaginary charges rather than the only two charges concerning which there is definite testimony. Indeed, the lower court stated in its opinion that appellee "was never seen entering the room, in the room, or leaving the room."

The confusion seems to have arisen because the certificate of the clerk of courts stated "[n]ot stated on complaint if veh. was in use." Any doubt that the vehicle was used was clearly removed when the arresting officer testified that he removed the marijuana from the glove

compartment and the suitcase found in the car which appellee was operating.

The order of the lower court is reversed and the one-year revocation ordered by the Secretary of Transportation is reinstated.