Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Jay L. Bush, Appellee.

Argued April 8, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*John L. Heaton*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE KRAMER, July 7, 1976:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety from an order of the Court of Common Pleas of Chester County, dated October 2, 1975, which sustained the appeal of Jay L. Bush. The Secretary of Transportation had revoked Bush's operating privileges for a period of one year. The only issue is whether the trial court erred in failing to dismiss the appeal on the basis of Section 616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §616(a)(4). We find error and reverse.

The important facts are not in dispute.[1] On February 24, 1973, Bush was observed running a stop sign. The officer who made this observation arrested Bush, and, in the process of making the arrest, the officer observed a small amount of marijuana in Bush's vehicle between the driver's seat and the door. A further investigation revealed marijuana cigarette butts in the car's ashtray.

On May 30, 1974, based upon the above-described incident, Bush was convicted of violating Section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(31). After receiving certification of the conviction from the Clerk of Courts of Chester County, the Secretary of Transportation revoked Bush's operator's license, as is required by Section 616(a)(4) of the Code. Under this provision a revocation must be imposed upon one who is found to have been: "(4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act.'" The trial court apparently misapprehended the applicable section of the Code and concluded that Bush's automobile was not "an integral part of the proscribed conduct." All that is required under Section 616 (a)(4) is conviction of possession which occurs while the defendant is operating a motor vehicle. *Department of Transportation, Bureau of Traffic Safety v.*

---

[1] Bush did not file a brief or appear at argument before this Court. The record indicates that Bush did not contest the Department's version of the facts leading up to the revocation.

*Marraccini,* 24 Pa. Commonwealth Ct. 150, 354 A.2d 267 (1976). This much was unquestionably established, as evidenced by the findings of fact of the trial court.

The order of the Court of Common Pleas of Chester County is reversed, and the revocation ordered by the Secretary of Transportation is reinstated.