Commonwealth of Pennsylvania *v.* Kenneth R. Wharrey, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Thomas D. MacMullan,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 7, 1976:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dated June 6, 1975, dismissing the appeal of Kenneth R. Wharrey from a one year revocation of his motor vehicle operating privileges. The Department of Transportation revoked the appellant's privileges pursuant to

510

§616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §616(a)(4), basing its revocation on a certification from the clerk of courts of Allegheny County that the appellant had pled guilty to two counts of delivery of a controlled substance on October 28, 1974, in violation of section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

The scope of review of this Court in a case where the court below has held a de novo hearing is necessarily a limited one. We must determine only whether or not the findings of fact are supported by competent evidence and the conclusions of law are correctly made. *Commonwealth v. Denham*, 12 Pa. Commonwealth Ct. 593, 317 A.2d 328 (1974); *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973).

The facts in this case are not in dispute. The criminal charges against the appellant arose out of his sale of marijuana to two undercover state policemen on two separate occasions. The sales took place in the appellant's automobile. The underlying issue in this appeal is whether the appellant pleaded guilty to an offense which is within the confines of §616(a)(4) of The Vehicle Code. The lower court found that he had. We agree and affirm the order dismissing the appeal.

Section 616(a)(4) of The Vehicle Code provides:

"(a) Upon receiving a certified record from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person . . . ."

. . . .

"(4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act.''

The appellant testified during the hearing de novo that he had sold marijuana to two policemen on two occasions while in his automobile. He testified further that he had driven his car with the officers as passengers to the scene of the sales and that during the course of the transactions, the marijuana had been in the glove compartment of his vehicle. The lower court dismissed the appeal on the basis that the testimony established that the appellant had utilized a motor vehicle in the unlawful transportation of a controlled substance. The appellant argues that the court misinterpreted the law.

It is the appellant's contention that, because the use of a motor vehicle in the unlawful transportation of a controlled substance does not technically constitute a crime under the Controlled Substance, Drug, Device and Cosmetic Act, then §616(a) does not give the clerk of the court authority to certify doing so as an offense and, therefore, that the secretary here had no revocation authority upon the receipt of such a certification. This interpretation is unreasonably narrow. We believe the correct interpretation of §616(a)(4) to be that revocation is required in the case of any individual who has been convicted of the possession, sale, or delivery of a controlled substance while that person utilized, operated, or controlled the operation of a motor vehicle. See *Bureau of Traffic Safety v. Bush*,

25 Pa. Commonwealth Ct. 416, 361 A.2d 508 (1976); *Bureau of Traffic Safety v. Marraccini*, 24 Pa. Commonwealth Ct. 150, 354 A.2d 267 (1976). And here testimony of the appellant in the lower court established that he had utilized a motor vehicle in making the sale and delivery of the controlled substance.

The appellant argues next that the certification improperly indicated that an automobile had been utilized in the commission of the crime of which the appellant had been convicted. Yet the appellant's own testimony adequately established the correctness of the clerk's certification and, therefore, the validity of the revocation.

The appellant's final contention is that §616(a)(4) of The Motor Vehicle Code is unconstitutional as violative of the constitutional guarantee of equal protection of the law. He argues that there is no legitimate state interest to be served in regulating his use of his automobile for private purposes so long as that use does not affect his ability to operate the vehicle safely upon the highways. Again we must disagree. We believe that the state has a legitimate interest in preventing the operation of motor vehicles while the operator is in unlawful possession of, or is actually delivering a controlled substance. This interest is not concerned with the competence of the operator but rather with the increased danger to the public which results when such unlawful activities are conducted contemporaneously with the use of a motor vehicle. The weight of this interest is sufficient to support the revocation of the appellant's operating privileges.

The order of the Court of Common Pleas of Allegheny County is, therefore, affirmed.