## Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Ronald L. Williams, Appellant.

Submitted on briefs, December 10, 1976, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Michael D. Fioretti,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 6, 1977:

This appeal arises from a motor vehicle license revocation, pursuant to Section 616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §616(a)(4):

Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of

revocation, the operating privilege of any such person: ....

. . . .

(4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act.'

The revocation was based on a certification from the Clerk of Courts of Philadelphia County that appellant had been convicted on April 25, 1974, of violating The Controlled Substance, Drug, Device and Cosmetic Act, Section 13(a) Clause 31, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a) (31). Appellant then appealed this revocation to the Court of Common Pleas of Montgomery County, which dismissed the appeal based upon a finding that the revocation was based on sufficient competent evidence. We agree.

The pertinent facts are that on February 27, 1973, plain-clothes police, on information from an informant, were staked out at a gas station on Ridge Avenue in Philadelphia awaiting the arrival of appellant. Appellant arrived at the gas station in a green Volkswagen, immediately alighted therefrom, and proceeded into the men's room where he spent approximately five minutes. Upon leaving the men's room he was approached by the police, a scuffle ensued, and while frisking appellant for weapons, the police found a "controlled substance" in his possession. Appellant was thereafter convicted of possession with intent to deliver a "controlled substance" which is the basis for the revocation by appellee.

The sole issue on appeal is whether there is sufficient competent evidence of record to support the finding of the lower court. In cases such as this, where the lower court has heard the case de novo, our scope of review is limited to a determination of whether or not the findings of fact are supported by sufficient competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973).

After a careful consideration of the record, it is our conclusion that the action of the court below in dismissing appellant's appeal was correct. The testimony of the police officer[1] as to the facts of appellant's arrest is sufficient competent evidence to sustain a finding that appellant did violate The Vehicle Code, Section 616(a)(4), 75 P.S. §616(a)(4).

Accordingly, we will enter the following

### ORDER

Now, January 6, 1977, the order of the Court of Common Pleas of Montgomery County, dated February 17, 1976, is affirmed and the appeal is dismissed.

---

[1] The appellant-defendant did not testify or offer any testimony.