to, and in accord with, Pa. R.C.P. Nos. 1099 and 1038 (d).

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Albert Wesley Lemon, Appellee.

Argued June 9, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Robert L. Johnson,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 18, 1977:

This is an appeal from the Court of Common Pleas of Washington County reversing the action of the Secretary of Transportation (Secretary) revoking appellee's operator's license under Section 616(a)(2) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §616(a)(2). We reverse.

On September 19, 1975, appellee pled guilty to violating Section 211(a) of The Vehicle Code, 75 P.S. §211(a) (possession of forged inspection certificate, a felony) in the Court of Common Pleas of Washington County. Appellee was fined $200.00 and placed on probation for one year. Upon receipt of a certified record from the clerk of the court, the Secretary revoked appellee's operator's license pursuant to Section 616(a)(2) which requires revocation upon a plea of guilty to any felony under The Vehicle Code or any other felony in which a motor vehicle is used. Appellee appealed to the lower court and a supersedeas was granted. After a de novo hearing, the court sustained appellee's appeal ruling that the revocation was in violation of substantive due process.

All parties agree that the proper test for determining the validity of Section 616(a)(2) is whether it is reasonably related to a rational state interest. Appellee urges and the lower court found that the state interest in revoking an operator's license is "the removal from the highways of persons who operate motor vehicles incompetently and thus presenting a hazard to the life, safety and property of others or who operate in the furtherance of unlawful activity." Appellee argues that revocation of a license for other serious violations of The Vehicle Code does not further these goals and, therefore, is unrelated to any rational state interest.

The lower court erred as a matter of law when it ruled that the Secretary can revoke operator licenses

only to keep incompetent, unsafe drivers off the roads. The enforcement provisions of The Vehicle Code seek to protect the public by deterring violations. The revocation of operating privileges is rationally related to this goal. Therefore, a driver's license may be constitutionally revoked for many reasons in addition to the regulation of driver competence as long as such purposes are rationally related to a valid state interest.[1] In *Department of Transportation, Bureau of Traffic Safety v. Rodgers,* 20 Pa. Commonwealth Ct. 393, 341 A.2d 917 (1975), the suspension of a license was upheld under the "financial responsibility" provisions of The Vehicle Code. We held that "[t]he legislative purpose of attempting to more readily provide a source of compensation to motor vehicle victims is a legitimate state interest." *Id.* at 399, 341 A. 2d at 920. Also, in *Commonwealth v. Wharrey,* 26 Pa. Commonwealth Ct. 508, 365 A.2d 181 (1976), a case with issues similar to this appeal, we upheld the mandatory revocation of operating privileges of a driver who was convicted of transporting a controlled substance in his automobile. Judge BLATT writing for the Court stated:

> He argues that there is no legitimate state interest to be served in regulating his use of his automobile for private purposes so long as that use does not affect his ability to operate the vehicle safely upon the highways. Again we must disagree. We believe that the state has a legitimate interest in preventing the operation of mo-

---

[1] In *Campbell v. Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974) we affirmed a revocation based upon a conviction for possession of two illegally purchased certificates of inspection. In *Commonwealth v. Hahn,* 23 Pa. Commonwealth Ct. 540, 353 A.2d 74 (1976) we affirmed a revocation based upon a plea of guilty to a charge of knowingly and willingly possessing an altered registration card.

tor vehicles while the operator is in unlawful possession of, or is actually delivering a controlled substance. This interest is not concerned with the competence of the operator but rather with the increased danger to the public which results when such unlawful activities are conducted contemporaneously with the use of a motor vehicle. The weight of this interest is sufficient to support the revocation of appellant's operating privileges.

*Id.* at 512, 365 A.2d at 183.

We believe that the state has a legitimate interest in preventing the forgery of inspection certificates. This interest is not concerned with the competence of the operator, but rather, with the safety of motor vehicles and the increased danger to the public which may result from the forging of inspection certificates. Revocation of operating privileges is a rational and constitutionally proper means of enforcing these state interests.

Accordingly, we will enter the following

ORDER

Now, July 18, 1977, the order of the Court of Common Pleas of Washington County, dated May 3, 1976, at No. 427 November Term, 1975, is reversed and the action of the Secretary is reinstated.