Richard Allen Curtis, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

114

Submitted on briefs, September 11, 1978, to Judges
WILKINSON, JR., ROGERS and CRAIG, sitting as a panel
of three.

*Terry W. Knox*, with him *MacElree, Harvey, Gal-
lagher & Kean, Ltd.*, for appellant.

*John L. Heaton*, Assistant Attorney General, with
him *Robert W. Cunliffe*, Deputy Attorney General,
and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 5, 1978:

Richard Allen Curtis has appealed from an order
of the Court of Common Pleas of Chester County dis-
missing his appeal from the action of the Secretary

of Transportation revoking his motor vehicle operating privileges for a year. The Secretary acted pursuant to Section 616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §616(a)(4),[1] after receiving a certification from the clerk of courts that Curtis had pleaded guilty to possession of marijuana in violation of Section 13(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S: §780-113(a)(16).

There is no dispute as to the facts. On November 20, 1974, Curtis was stopped by police on account of an apparent violation of operating laws. Curtis gave the police permission to search his vehicle, during which they found a small quantity of marijuana under the passenger seat. Curtis was charged with and pleaded guilty to the crime of possessing marijuana as above recorded.

Curtis received written notice of the revocation of his operating privileges on September 16, 1975. He appealed to the Court of Common Pleas of Chester County which conducted a hearing on February 5, 1976. Its decision upholding the revocation of Curtis's operating privileges was rendered on April 28, 1977. Curtis then appealed to this Court.

Curtis first asks us to reconsider our decision in *Commonwealth v. Wharrey*, 26 Pa. Commonwealth Ct. 508, 365 A.2d 181 (1976). There we held that Section 616(a)(4) was not violative of the equal protection rights of one who had marijuana in his vehicle but who was in fit condition to drive, because we believed that the State has a legitimate interest in preventing the operation of motor vehicles by persons then in unlawful possession of a controlled substance. Curtis

---

[1] Repealed by The Vehicle Code, Act of June 17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq.

says that the *Wharrey* holding should be disavowed because a new Vehicle Code[2] enacted after the decision in that case does not provide for the revocation of the operating privileges of one who is convicted of operating a motor vehicle while in unlawful possession of a controlled substance. Clearly a decision of the Legislature to treat a course of conduct in new legislation more leniently than it had in a former superseded Act, casts no cloud on the constitutionality of the old, replaced enactment. We reaffirm our holding in *Commonwealth v. Wharrey, supra,* that the State does have a legitimate interest in regulating this type of conduct and may do so if it so chooses.

Curtis next says that the revocation should be set aside because it cannot now become effective until his appeal is disposed of, a date which will be later than July 1, 1977, the effective date of the new Vehicle Code. This contention is entirely meritless. Section 4 of the new Vehicle Code[3] provides:

> The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of any statute repealed by this act.

Order affirmed.

## ORDER

AND Now, this 5th day of October, 1978, the order of the Court of Common Pleas of Chester County dated April 28, 1977 is affirmed.

---

[2] Act of June 17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq.

[3] Sections 2 through 8 of the Act, which appear not to have been assigned a Pa. C.S. section number, appear in 75 Pa. C.S. immediately following §8122.