In Re: Appeal From Revocation of Operator's License of Darrell W. Deems. Darrell W. Deems, Appellant.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*John J. Moschetta, Jr.*, for appellant.

*John Duff*, Deputy Attorney General, with him *John J. Kennedy*, Assistant Attorney General, *Bradley L. Mallory*, Assistant Attorney General, *Harold H. Cramer*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Gerald Gornish*, Acting Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., December 11, 1978:

This case comes before us on appeal from an order of the Court of Common Pleas of Washington County affirming the revocation of appellant's operator's license by the Secretary of Transportation (Secretary) pursuant to Section 616(a)(2) of The Vehicle Code (Code),[1] Act of April 29, 1959, P.L. 58, *as*

---

[1] Section 616(a)(2) reads in pertinent part:

(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a

*amended, formerly* 75 P.S. §616(a)(2), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa.C.S. §1532.

On October 29, 1976, appellant entered a plea of nolo contendere to a felony violation of Section 304 of the Code, 75 P.S. §304 (sale of vehicle with defaced numbers) in the Court of Common Pleas of Washington County. Appellant was fined $500.00 and placed on probation for two years. Following receipt of a certified record from the clerk of the court, the Secretary revoked appellant's operator's license pursuant to Section 616(a)(2). Following a hearing de novo on appeal, the lower court sustained the Secretary's action.

Appellant argues that loss of license following a conviction for sale of a motor vehicle with a defaced manufacturer's serial number is an unreasonable exercise of the state's police power because, it is alleged, sale of such a vehicle neither affects its safety as a mechanical device nor otherwise poses an increased danger to the public. We think so narrow a view of the police power in this area has been adequately laid to rest by our decision in *Department of Transportation, Bureau of Traffic Safety v. Lemon*, 31 Pa. Commonwealth Ct. 133, 134-35, 375 A.2d 857, 858 (1977) where we said:

> The lower court erred as a matter of law when it ruled that the Secretary can revoke operator

judge or jury, of any of the crimes enumerated in this section, the Secretary shall forthwith revoke, for a period of one (1) year . . . the operating privilege of any such person.
. . .

. . . .
(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used.

licenses only to keep incompetent, unsafe drivers off the roads. The enforcement provisions of The Vehicle Code seek to protect the public by deterring violations. The revocation of operating privileges is rationally related to this goal. Therefore, a driver's license may be constitutionally revoked for many reasons in addition to the regulation of driver competence as long as such purposes are rationally related to a valid state interest. (Footnote omitted.)

We think it beyond contention that the enforcement provisions of the Code aimed at discouraging the illegal sale of vehicles whose identification numbers have been defaced is rationally related to a valid state interest.

Accordingly, we will enter the following

ORDER

AND Now, December 11, 1978, the order of the Court of Common Pleas of Washington County, dated September 20, 1977 at No. 183 March Term, 1977 is hereby affirmed.