Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Sherry Lynn Volmer, Appellee.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Regis J. McCoy,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellant.

*Frank J. Marcone,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 15, 1979:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Penn-DOT) here appeals a decision of the Court of Common Pleas which reversed the Secretary's revocation of Sherry Lynn Volmer's (Appellee) motor vehicle operation privileges and reinstated same.

In June, 1976, upon certification by the Clerk of Courts of Delaware County to PennDOT that Appellee had pleaded guilty to four separate offenses charging possession with intent to deliver controlled substances in violation of The Controlled Substance, Drug, Device and Cosmetic Act,[1] her driver's license was revoked on December 3, 1976, for a period of one year pursuant to Section 616(a)(4) of The Vehicle

---

[1] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-101 et seq.

Code.[2]  A notice of revocation was duly mailed to her.[3]

Section 616(a)(4) mandates the revocation of operating privileges of any person who is found to have been:

> (4)  Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act.'

The trial court, after a de novo hearing, concluded that the conduct which led to Appellee's arrest and subsequent plea of guilty to four offenses did not fall within the purview of Section 616(a)(4). On appeal, PennDOT contends that Appellee had "utilized" a motor vehicle during the commission of her four drug offenses within the intendment of the Code and that revocation is thereby mandated. We are constrained to agree.

At the hearing, Appellee testified without contradiction that she never drove the car while in possession of drugs but that she received the drugs at the bar where she worked, kept the drugs at the bar and negotiated the sales therein. The actual transfers of money and controlled substances usually took place in the parking lot adjoining the bar.

---

[2] This appeal is governed by Section 616(a)(4) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a)(4), repealed by the Act of June 17, 1976, P.L. 162.

[3] Judge DOMINIC D. JEROME of the Court of Common Pleas of Delaware County granted Appellee a supersedeas on December 9, 1977.

Appellee testified that drugs were never transferred while the car was in motion but that on one occasion she sat in her parked car and passed the drugs to an undercover narcotics agent when he entered the car. On another occasion, an informant sat waiting for her in her parked car and she passed the drugs to the informant as she was boarding her car.

On a third occasion, she was a passenger in a car which was being driven by an informant. Although Appellee did not have any drugs on her person during this ride, she knew that their destination had been prearranged as the site of a transfer:

Q. When the informer was driving the car, did you know drugs were in the car?

A. I don't remember if I knew whether he was getting them or he had them on him, but he told me that we were going up here to meet this guy, which happened to be the same guy all four times.

On the fourth occasion, which gave rise to a conspiracy charge in addition to the charge of possession with the intent to deliver controlled substances, drugs and money were exchanged while Appellee was a passenger in an undercover agent's car:

Q. This one other person was driving. You were in the back seat?

A. Uh-huh.

Q. You passed the drugs to the agent in the back seat?

A. No. Someone else did, I think, if I recall. I don't remember exactly how it went. But it got passed to the agent through someone else, or they gave me the money or something I don't remember.

Q. And you were a passenger while the car was being driven?

A. Yeah. They drove, like, a block. And they came right back. It wasn't my car. I think the agent was driving. In fact, I think it was his car.

Our scope of review where the court below has held a de novo hearing is limited to a consideration of whether findings of fact are supported by substantial evidence and whether the law was properly applied to the instant facts. *Department of Transportation, Bureau of Traffic Safety v. Williams,* 28 Pa. Commonwealth Ct. 95, 367 A.2d 745 (1977).

Appellee cites cases wherein we have held that mere possession of controlled substances while operating a motor vehicle is sufficient to trigger the mandatory revocation provisions, *Department of Transportation, Bureau of Traffic Safety v. Bush,* 25 Pa. Commonwealth Ct. 416, 361 A.2d 508 (1976); *Department of Transportation, Bureau of Traffic Safety v. Marracini,* 24 Pa. Commonwealth Ct. 150, 354 A.2d 267 (1976), and attempts to translate these holdings into a judicial requirement that PennDOT adduce evidence that Appellee actually operated or controlled the operation of the vehicle at some time during the commission of the four drug offenses. However, such a construction of Section 616(a)(4) ignores the legislature's inclusion of "utilizing" a motor vehicle as conduct mandating revocation.

The utilization of a motor vehicle under Section 616(a)(4) need not have been an integral part of the offense "in the case of any individual who has been convicted of the possession, sale, or delivery of a controlled substance while that person *utilized,* operated or controlled the operation of a motor vehicle." *Commonwealth v. Wharrey,* 26 Pa. Commonwealth Ct. 508, 511, 365 A.2d 181, 183 (1976) (Emphasis added); *see also Bureau of Traffic Safety v. Bush, supra.*

Appellee's testimony establishes that, in each of the four offenses to which she pleaded guilty, a motor vehicle was put to *practical use,* either as a shield for illegal drug transfers or as a mode of transporting controlled substances, though not on Appellee's person, to and from the site of the transfer. We disagree with the trial court's emphasis on Appellee's status as a passenger and hold that Appellee's practical use of a motor vehicle during the four offenses constitutes utilization of a motor vehicle.

Appellee argues that, because the penalty imposed by the legislature is the revocation of operating privileges, the legislature intended "utilizing" as it is used in Section 616(a)(4) to mean actual operation. However, our interpretation of the statute leads us to conclude that "utilizing" a motor vehicle is a separate category of conduct from "operating" a motor vehicle, otherwise used in the Act.

We regret the difficulties our holding will pose to Appellee who is making every effort to rehabilitate herself. However, as the trial court astutely observed, the legislature has not given to the Judiciary the discretion to overrule the Secretary's mandatory revocation where laudable and equitable reasons exist.

Accordingly, we

### Order

And Now, this 15th day of March, 1979, the order of the Court of Common Pleas of Delaware County in the above captioned case dated March 16, 1977, is hereby reversed and the one-year revocation of operating privileges ordered by the Secretary of Transportation is hereby reinstated.