Western Pennsylvania Water Company, Appellant *v.* Board of Property Assessment Appeals and Review, County of Allegheny, Commonwealth of Pennsylvania, Appellee.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*James H. Webster, Springer and Perry,* for appellant.

*William P. Bresnahan, O'Donnell, Bresnahan & Caputo,* for appellee, County of Allegheny.

*James C. Kletter, Anderson, Moreland & Bush,* for appellee, Mt. Lebanon School District.

OPINION BY JUDGE PALLADINO, December 30, 1981:

This is an appeal by Western Pennsylvania Water Company (Water Company) from an order of the Court of Common Pleas of Allegheny County granting Mt. Lebanon School District's (School District) petition to quash an appeal of a property assessment. We affirm.

On February 23, 1976, the Water Company filed an appeal with the Board of Property Assessment, Ap-

peals and Review of Allegheny County (Board) of the assessment made of its property located at 410 Cooke Lane in Mt. Lebanon for the triennial period 1976 through 1978. The Board held a hearing on the matter on May 20, 1977, and on November 2, 1979, it issued a Disposition on Appeal of Real Estate Assessment (Disposition) denying the Water Company's appeal and sustaining the assessment. Notice of the Disposition was mailed to the Water Company at its Cooke Lane address. On January 7, 1980, the Water Company appealed the Disposition to the Court of Common Pleas of Allegheny County. The School District in turn filed a petition to have the appeal quashed. Following a hearing on the petition to quash, the common pleas court found that the Water Company had received a notice of the Disposition over sixty days prior to its January 7, 1980, appeal. Since Section 12 of the Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §5452.12, requires that such appeals be filed within sixty days of notice, the trial court granted the petition on the grounds that it was without jurisdiction.

Before this Court, the Water Company raises two challenges to the lower court's determination: (1) it was the School District's burden to prove that notice of the Disposition had been received by the Water Company on or before November 5, 1979,[1] and that there was no substantial evidence to support a conclusion that this burden had been met, and (2) it was an error of law to hold that the Water Company had received notice of the Disposition at the time when it was received by an office clerk rather than when it was

---

[1] Where the final day of an appeal period falls on a weekend, an appeal filed on the Monday immediately following is timely. Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1908. Therefore, for the Monday, January 7, 1980, filing date of the appeal herein to be timely, the Water Company must have received notice of the Disposition no earlier than November 6, 1979.

received by an officer or specified agent of the corporation.

Whether an appeal has been timely filed is a question of law. Where, as here, the court below has held a de novo proceeding to resolve a question of law, this Court's scope of review is limited to determining whether the necessary factual determinations are supported by substantial evidence and whether the law has been properly applied to those facts. *Department of Transportation, Bureau of Traffic Safety v. Volmer,* 41 Pa. Commonwealth Ct. 286, 398 A.2d 1098 (1979).

With respect to the first challenge herein, a thorough review of the record reveals the Water Company's contentions to be wholly inappropriate. In its reply to the School District's petition to quash the appeal, the Water Company never denied the allegation that notice of the Disposition was received at the Cooke Lane address on November 5, 1979. Instead it stated, by way of defense, that November 6 or 7, 1979, should be treated as the effective date of notice as it was on one of those days that house counsel, the Water Company's designated representative before the Board, first saw the notice, it having been forwarded to him at his 250 Mt. Lebanon Boulevard address. Thus, in its own pleading, the Water Company failed to make an issue of the date of receipt at Cooke Lane.[2] The trial court accordingly addressed itself only to the issue of whether notice was effective when received at the Cooke Lane address or by house counsel in his capacity as the Water Company's designated representative. It is axiomatic that issues not raised or passed upon in the trial court will not be considered on appeal, *Chwatek v. Parks,* 450 Pa. 62, 299 A.2d 631 (1972), and

---

[2] Averments in a pleading not denied specifically or by necessary implication are admitted. Pa. R.C.P. 1029(b).

we therefore cannot here rule that the School District failed to present substantial evidence to resolve an issue that was not before the trial court.

The Water Company's challenge to the decision below that the sixty-day period within which to appeal the Disposition began to run with receipt of the notice of the Disposition by an office clerk on November 5, 1979, rather than with receipt by house counsel on November 6 or 7, 1979, is also without merit. The crux of the Water Company's argument is that, as a corporation, it can only acquire notice through an officer or agent and that its house counsel as designated representative before the Board was the first such party to see the notice. Rule VI, Section 2 of the rules and regulations governing appeals before the Board, however, specifically states that notice of a Disposition by the Board will be mailed *"to the address of applicant appearing on the application."* (Emphasis added.) The address the Water Company gave on its application was 410 Cooke Lane. The Board was therefore correct in sending the notice of the Disposition by certified mail to that address rather than to the address of house counsel. At the Cooke Lane address, the notice of the Disposition was signed for by an office clerk. It is undisputed that this clerk's duties included the receipt and distribution of such mail and, thus, he was clearly an agent of the Water Company for this purpose. Since notice to an agent is notice to a corporation when, as here, it is the duty of the agent to communicate it to the principal in the proper discharge of his duties as agent, *A. Schulman, Inc. v. Baer Co.,* 197 Pa. Superior Ct. 429, 178 A.2d 794 (1962), we must affirm the trial court's holding that the Water Company received notice of the Disposition with receipt by the office clerk on November 5, 1979. Accordingly, the January 7, 1980, appeal was untimely and the trial court was correct in ruling that it was without juris-

diction. *Jones v. Unguriet*, 364 Pa. 200, 71 A.2d 240 (1950).

The Water Company at this time also appeals the trial court's denial of a petition for an appeal nunc pro tunc which it filed as an alternative pleading and which was denied during the course of the hearing below. A petition for an appeal nunc pro tunc should be granted only where the party making the request has shown that the delay in filing their appeal was engendered by extraordinary conditions involving fraud or a breakdown in the court's operations through a default of its officers, which has resulted in injury to that party. *Delmont Borough Annexation Case*, 2 Pa. Commonwealth Ct. 496, 276 A.2d 549 (1971). Since the decision whether to grant an appeal nunc pro tunc is an equitable matter, this Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Sergei v. Pittsburgh School District*, 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977).

We hold that the trial court committed no abuse of discretion[3] in ruling to deny the petition. *Rostosky v. Department of Environmental Resources*, 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976).

Accordingly, we enter the following

### Order

And Now, December 30, 1981, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, No. GD80-00514, dated February 18, 1981, is hereby affirmed.

---

[3] An abuse of discretion occurs only where, in reaching a conclusion, the court overrides or misapplies the law or exercises manifestly unreasonable judgment or the court's decision is the product of partiality, prejudice, bias or ill will. *Garrett's Estate*, 335 Pa. 287, 6 A.2d 858 (1939).