595 A.2d 792

**Shawn Michael MEREDITH, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1991.

Decided July 26, 1991.

---

No appearance for appellant.

Harold H. Cramer, Asst. Chief Counsel, Vehicle & Traffic Law Div., for appellee.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

PALLADINO, Judge.

Shawn Michael Meredith (Licensee) appeals an order of the Court of Common Pleas of Cambria County (trial court) which affirmed the Department of Transportation's (DOT) suspension of Licensee's motor vehicle operating privileges. We affirm.

The facts are undisputed. Licensee was convicted for the second time of violating 18 Pa.C.S. § 6308, which prohibits anyone under 21 years of age from purchasing, possessing, transporting, or consuming alcoholic beverages. Licensee's violation of section 6308 of the Crimes Code was unconnected to the use of a motor vehicle. Pursuant to 18 Pa.C.S. § 6310.4,[1] DOT notified Licensee that his license was suspended for one year. Licensee appealed to the trial court, asserting that section 6310.4 of the Crimes Code is unconstitutional. The trial court upheld the constitutionality of section 6310.4 of the Crimes Code and held that DOT properly suspended Licensee's operating privilege.

■ On appeal to this court,[2] Licensee raises the following issues:

1. Does the Commonwealth have a compelling interest in suspending the motor vehicle operating privileges of any

---

**1.** Section 6310.4 of the Crimes Code states in pertinent part as follows: (a) General Rule.—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section ... 6308 (relating to the purchase, consumption, possession or transportation of liquor or malt or brewed beverages) ..., the court, including a court not of record ... shall order the operating privileges of the person suspended. A copy of the order shall be transmitted to the Department of Transportation. (b) Duration of suspension.—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

 (2) For the second offense, a period of one year from the date of suspension....

**2.** Our scope of review is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the trial court's order demonstrates a manifest abuse of discretion. *Department of Transportation v. Pulleyn,* 136 Pa.Commonwealth Ct. 132, 584 A.2d 360 (1990).

one convicted of drinking alcoholic beverages, in this case, underage drinking, where there is no connection to a motor vehicle at the time of such drinking?

2. Does 18 Pa.C.S. § 6310.4 bear any rational relationship to a legitimate governmental interest, namely, the prevention of drunken driving by persons under the age of twenty-one years, when there is no showing of motor vehicle operation or involvement?

3. Does 18 Pa.C.S. § 6310.4 unfairly discriminate. between minors who drive, minors who do not drive and adults who both drive and do not drive under the same circumstances?

Licensee's brief at 3.

 While Licensee raises interesting questions regarding the constitutionality of section § 6310.4, it has long been the law that the only relevant issues in a license suspension appeal are whether the licensee was in fact convicted and whether DOT has acted in accordance with the applicable law. *Tarnopolski v. Department of Transportation, Bureau of Driver Licensing*, 138 Pa.Commonwealth Ct. 698, 589 A.2d 287 (1991); *Department of Transportation, Bureau of Traffic Safety v. Grobes*, 45 Pa.Commonwealth Ct. 151, 405 A.2d 588 (1979). The underlying criminal conviction may not be collaterally attacked in a license suspension appeal, which is civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa.Commonwealth Ct. 310, 384 A.2d 269 (1978).

 It is clear that Licensee's constitutional attack on the mandatory penalty provisions of section 6310.4 of the Crimes Code is, in reality, a collateral attack of the criminal proceedings resolved against Licensee. Licensee's allegations are beyond our limited review in license suspension appeals and consequently will not be addressed.[3]

**3.** In *Commonwealth v. Strunk*, 400 Pa.Superior Ct. 25, 582 A.2d 1326 (1990), the Superior Court addressed the question of the constitutionality of section 6310.4 of the Crimes Code in the context of an appeal from a licensee's conviction under section 6308 of the Crimes Code.

It is undisputed that Licensee was, in fact, convicted of violating section 6308 of the Crimes Code and that DOT acted in accordance with applicable law. Accordingly, we affirm.

## ORDER

AND NOW, July 26, 1991, the order of the Court of Common Pleas of Cambria County in the above-captioned case is affirmed.

McGINLEY, Judge, dissenting.

I must respectfully dissent from the majority opinion and its characterization of the instant appeal as a collateral attack on the underlying criminal proceedings. Licensee has not challenged his conviction under 18 Pa.C.S. § 6308. Licensee's appeal is limited to a challenge to the rationality and constitutionality of 18 Pa.C.S. § 6310.4 as applied to him by DOT's suspension of his motor vehicle operating privileges because the offense is unconnected to the use of a motor vehicle. This type of challenge is not excluded from our review, and is similar to constitutional challenges this Court has entertained in the past. *See Sheakley v. Commonwealth, Department of Transportation,* 99 Pa.Commonwealth Ct. 328, 513 A.2d 551 (1986); *Appeal of Deems,* 39 Pa.Commonwealth Ct. 138, 395 A.2d 616 (1978); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Lemon,* 31 Pa.Commonwealth Ct. 133, 375 A.2d 857 (1977).

The majority opinion references *Commonwealth v. Strunk,* 400 Pa.Superior Ct. 25, 582 A.2d 1326 (1990), in which the Pennsylvania Superior Court held that 18 Pa.C.S. § 6310.4 was constitutional because it promotes a legitimate state interest and is rationally related to deterring and punishing underage possession and consumption of alcoholic beverages. If this line of reasoning is followed to its natural conclusion the imposition of any penalty, no matter

We believe *Strunk* indicates the appropriate forum for such challenges.

how harsh or unrelated to the offense, is constitutional as the legislature could rationally believe such penalties would deter offenders. While it is axiomatic that penalties are deterrents, judicial review must center on whether 18 Pa. C.S. § 6310.4 bears a rational relationship to the deterrence of the *particular* offense for which it is imposed.

I am persuaded by the dissent in *Strunk* that the legislation is arbitrary and would sustain the appeal.

PELLEGRINI, J., joins in this dissent.