**Daniel KORBY and East Coast Paving and Sealcoating, Inc., Appellants**

**v.**

**The ZONING HEARING BOARD OF PULASKI TOWNSHIP,**

**v.**

**The Township of Pulaski.**

Commonwealth Court of Pennsylvania.

Argued April 16, 2013.

Decided May 14, 2013.

Jeffrey F. Parker, New Castle, for appellants.

John Seltzer, New Castle, for appellee Township of Pulaski.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge (P.), and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Daniel Korby and East Coast Paving and Sealcoating Inc. (Korby) appeal an

order of the Court of Common Pleas of Lawrence County (trial court) denying Korby's petition to open a judgment that dismissed Korby's appeal of a decision of the Pulaski Township Zoning Hearing Board. The trial court held that the purported negligence of Korby's attorney in handling the case was not an extraordinary cause that would justify opening the judgment. We affirm.

Korby owns the property located at 3484 Evergreen Road in Pulaski Township. Korby received an enforcement notice stating that he was storing materials, vehicles and equipment on the property in violation of the Township's zoning ordinance. Korby appealed the enforcement notice to the Zoning Hearing Board on August 20, 2009. At a hearing before the Board, Korby was represented by Phillip Berezniak, Esquire (Counsel). Counsel decided not to introduce any evidence at the hearing. The Board found Korby had violated the ordinance and denied his appeal.

On April 26, 2010, Counsel appealed the Board's decision to the trial court. On July 23, 2010, the solicitor of the Township filed a praecipe for oral argument. On October 7, 2010, the trial court issued a scheduling order for briefs and oral arguments. On October 13, 2010, Counsel was sent a copy of the scheduling order via facsimile, as indicated by the docket entries. On January 20, 2011, the Township's solicitor submitted a brief to the trial court on behalf of the Board. Counsel did not file a brief or any other documents with the trial court and he did not attend oral arguments. On February 4, 2011, the trial court issued an order dismissing Korby's appeal. Sometime after the order was issued, Counsel recommended that Korby seek new counsel because there "may be an issue of malpractice on [Counsel's] part." Reproduced Record at 38a (R.R. ——).

On September 21, 2011, Korby, represented by new counsel, filed a petition to open the judgment and a rule to show cause why the judgment should not be opened. On October 27, 2011, Counsel was deposed. Counsel blamed his failure to file documents or appear at oral argument on his multiple hospitalizations for pancreatitis; however, he acknowledged that he had not been hospitalized during the relevant time period. Counsel testified that he received a copy of the Township's January 20, 2011, brief but was unsure whether he had received a copy of the court's October 7, 2010, scheduling order. On December 19, 2011, the petition to open judgment was submitted on briefs to the trial court.

On January 25, 2012, the trial court issued an order denying Korby's petition. The trial court held that Korby failed to satisfy the standard for opening a judgment because he had not presented sufficient evidence of a meritorious defense to the claim upon which the judgment was entered. The trial court further held that, although Counsel's failure to discharge his duties to his client may have constituted negligence or legal malpractice, it did not amount to extraordinary cause for opening the judgment. Korby's appeal to this Court followed.[1]

On appeal, Korby argues that the trial court erred in requiring him to prove a meritorious defense to the zoning enforcement notice in order to open the judgment. Korby contends that the trial court should

---

1. This Court's standard of review where the court below has received evidence is limited to considering whether the factual findings are supported by substantial evidence and whether the law was properly applied to the facts. *Department of Transportation v. Volmer*, 41 Pa.Cmwlth. 286, 398 A.2d 1098, 1100 (Pa.Cmwlth.1979).

have used its equitable powers to open the judgment because Counsel's failure to provide any meaningful representation in the zoning enforcement appeal was an extraordinary cause to justify opening the judgment.

Having reviewed the record and the arguments of the parties, we hold that the trial court properly denied Korby's petition to open the judgment because he neither presented a meritorious defense nor demonstrated extraordinary cause to open the judgment. Because the trial court accurately articulated and thoroughly analyzed the issues, and correctly applied the law, this Court affirms the trial court's order on the basis of the well-reasoned opinion by the Honorable Thomas M. Piccione in *Daniel Korby and East Coast Paving and Sealcoating, Inc. v. Zoning Hearing Board of Pulaski Township v. Township of Pulaski* (Lawrence County Court of Common Pleas, No. 70061 of 2010, M.D., filed January 31, 2012).

### *ORDER*

AND NOW, this 14th day of May, 2013, the order of the Court of Common Pleas of Lawrence County dated January 25, 2012, in the above-captioned matter is hereby AFFIRMED on the basis of the opinion issued by the Honorable Thomas M. Piccione in *Daniel Korby and East Coast Paving and Sealcoating, Inc. v. Zoning Hearing Board of Pulaski Township v. Township of Pulaski* (Lawrence County Court of Common Pleas, No. 70061 of 2010, M.D., filed January 31, 2012).