Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Donald Passerella, Appellee.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 1, 1979:

The Commonwealth appeals an order of the Common Pleas Court of Cambria County setting aside the revocation of the motor vehicle operating privileges of Donald Passerella (Appellee).[1] We reverse, there being a clear violation of the Vehicle Code (Code)[2] and an administrative delay is immaterial in mitigation.

On March 3, 1976, Appellee entered a plea of guilty to a charge of failing to stop at the scene of an acci-

---

[1] Appellee did not submit a brief in this case, neither did he nor anyone on his behalf appear for oral argument.

[2] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §101 et seq. The former Vehicle Code has since been repealed by the Act of June 17, 1976, P.L. 162; the new Vehicle Code can be found at 75 Pa.C.S. §101 et seq.

dent. On March 16, 1976, the Clerk of Courts certified Appellee's conviction to the Secretary of Transportation (Secretary). On September 7, 1976, Secretary issued a one-year revocation of Appellee's operating privileges effective October 11, 1976, under former Section 616(a)(3) of the Code, 75 P.S. §616(a)(3).

Passerella appealed the revocation to the court. On February 1, 1977, it filed an opinion and order sustaining the appeal and reversing the revocation on the ground that the lapse of nearly six months between the date of Appellee's conviction and the date on which he received notice of his revocation was an unreasonable delay which resulted in prejudice and harm.

That court held that the order of revocation by the Secretary should be reversed because he had failed to revoke the operating privileges "forthwith" upon receipt of the report of conviction as mandated by Section 616(a) of the Code.[3] Nowhere in the Code do we find a statute of limitations controlling Secretary's suspension duties. We never have construed the "forthwith" requirement to fix an arbitrary time limit; rather, we have held that the requirement the Secretary act forthwith is directory only and compliance within a reasonable time is sufficient. *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). In so holding the provision directory rather than mandatory, we do not suggest that it is to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the effect of non-compliance that a distinction arises. A provision is mandatory when failure to

---

[3] While the applicable section of the Code here, Section 616(a), has been repealed, a similar provision is now found in the Vehicle Code of 1976, 75 Pa.C.S. §1532, which section, however, does not contain the word "forthwith."

follow it renders the proceedings to which it relates null and void; it is directory when the failure to follow it does not invalidate the proceedings. *Delaware County v. Department of Public Welfare,* 34 Pa. Commonwealth Ct. 165, 383 A.2d 240 (1978).

While it is true that the mere passage of time between Appellee's conviction and the suspension of his operating privileges is insufficient by itself to set aside the action of the Secretary, this delay can suffice if coupled with prejudice. *Department of Transportation, Bureau of Traffic Safety v. Lea, supra.* The record does not support the trial court's conclusion that Appellee was prejudiced by the six-month delay. His argument was that he was prejudiced by the delay because in the interim period he had purchased a vehicle to help him find employment and during that period he had maintained insurance coverage for the vehicle. Here, however, unlike *Department of Transportation, Bureau of Traffic Safety v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), upon which Appellee relies, the record is devoid of any evidence that the automobile was purchased and insured in reliance upon an act or omission of the Secretary. There is before us Appellee's uncontested violation of the Code meriting suspension. We do not condone the administrative delay here present, but we feel it was not unreasonable or of undue duration in the circumstances.

Accordingly, we

ORDER

AND NOW, this 1st day of May, 1979, the order of the Court of Common Pleas of Cambria County is reversed and the revocation of the operating privileges of Donald Passerella for a period of one year issued by the Secretary of Transportation is hereby reinstated.