Jerome A. Hergenrother, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*W. Roger Simpson*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, August 20, 1979:

Before us in this case is the narrow issue of whether the revocation provisions of Section 616(a)(1) of The Vehicle Code (Act of 1959), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a)(1),[1] apply to a motor vehicle operator who violated Section 1037 of the Act of 1959 (driving under the influence of intoxicating liquor), *formerly* 75 P.S. §1037,[2] on March 4, 1977, or whether 75 Pa. C.S. §1532 applies. Under the provisions of the Act of 1959 the mandatory revocation period was one year. Under

---

[1] Repealed by Section 7(a) of the Act of June 17, 1976 (Act of 1976), P.L. 162, *as amended.* Hereafter, Section 1 of the Act of 1976 will be referred to generically as Title 75 of the Pennsylvania Consolidated Statutes and Sections 2 through 8 of the Act of 1976 will be referred to generically as the "supplementary provisions."

[2] Repealed by Section 7(a) of the supplementary provisions.

Title 75 of the Pennsylvania Consolidated Statutes the mandatory revocation period is six months. On the appeal of Jerome A. Hergenrother (Appellant) to the Lancaster County Court of Common Pleas from the action of the Department of Transportation (Department) revoking his license for one year, that court held that the revocation provisions of the Act of 1959 applied and dismissed the appeal. The present appeal is from that court's order.

Chronologically, the events pertinent to the instant appeal are that Appellant was arrested on March 4, 1977. He pleaded guilty and was sentenced on May 13, 1977. Title 75 of the Pennsylvania Consolidated Statutes was enacted on June 17, 1976, effective (with certain exceptions not relevant here) July 1, 1977. The revocation order of the Department was entered on January 16, 1978.

Appellant argues that he was sentenced under the provisions of 75 Pa. C.S. §3731 (driving under the influence of alcohol or controlled substance) which authorizes the imposition of more severe penalties for the offense of driving under the influence than does Section 1037 of the Act of 1959. Accordingly, he argues that his license should have been revoked under the allegedly more lenient provisions of Title 75 of the Pennsylvania Consolidated Statutes. Appellant is in error.

75 Pa. C.S. §3731, which replaced Section 1037 of the Act of 1959, became effective July 1, 1977, after Appellant's violation, arrest, plea and sentence. In fact, Appellant was sentenced under Section 3(a)(9) of the supplementary provisions for violating Section 1037 of the Act of 1959. Section 3(a)(9) became effective on July 1, 1976, under Section 8(f) of the supplementary provisions, and expired on July 1, 1977, under Section 3(d) of the supplementary provisions. Section 3(a)(9) provided that any person violating

Section 1037 of the Act of 1959 was guilty of a misdemeanor of the third degree and subject to penalties prescribed by law. Thus, any person violating Section 1037 after June 30, 1976, was subject to a maximum term of imprisonment of one year under 18 Pa. C.S. §106(b)(8) and a maximum fine of $2,500.00 under 18 Pa. C.S. §1101(5),[3] while any person violating Section 1037 before July 1, 1976, was subject to a maximum term of imprisonment of three years and a fine of not less than $100.00 nor more than $500.00. Therefore, contrary to Appellant's argument, the maximum penalty authorized by the supplementary provisions was less severe than the maximum penalty authorized by the Act of 1959, although the maximum fine was increased.[4]

Although the supplementary provisions alter the penalty and fine for a violation of Section 1037 of the Act of 1959, they do not alter the effect of such a violation on the violator's operating privileges. Appellant's argument that the provisions of Title 75 of the Pennsylvania Consolidated Statutes which were added by the Act of 1976 alter that effect is negated by Section 4 of the supplementary provisions. Section 4 provides:

> The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty or punish any offense, under the authority of any statute repealed by this act.

---

[3] The same penalty and fine are authorized by 75 Pa. C.S. §3731.

[4] We note that Appellant's sentence of one year probation and fine of $300.00 plus $75.00 for the Alcohol Impaired Driver program do not exceed the maximums under either the Act of 1959 or the supplementary provisions.

It seems clear to us that the effect of that language is to make the provisions of Section 616 of the Act of 1959 mandatory with respect to all violations of Section 1037 of the Act of 1959, such violation resulting in a "liability incurred" by the Appellant in the instant case. The fact that the revocation order issued after July 1, 1977, is irrelevant, since Appellant incurred the liability before that date under a statute repealed by the Act of 1976. *See Curtis v. Commonwealth*, 38 Pa. Commonwealth Ct. 113, 391 A.2d 1331 (1978).

Order affirmed.

### ORDER

AND Now, this 20th day of August, 1979, the order of the Court of Common Pleas of Lancaster County, dated March 16, 1978, dismissing the appeal of Jerome A. Hergenrother, is affirmed.