Edwin Paul Swartz, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Highway Safety, Appellee.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Laurence T. Himes, Jr.,* with him *Griest & Himes,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* for appellee.

OPINION BY JUDGE BLATT, September 24, 1979:

Edwin Paul Swartz (appellant) was convicted of driving while intoxicated. His conviction was certified to the Secretary of Transportation, and he was notified three and one-half months later by the Bureau of Traffic Safety that his driver's license was being revoked for one year. His appeal of the Bureau's action was dismissed by the Court of Common Pleas of York County.

The appellant asserts that the delay of three and one-half months in the notification of the revocation of the license violates Section 616(a) of the Motor Vehicle Code,[1] 75 P.S. §616(a), which requires that, upon notification of conviction, the Secretary revoke a driver's license "forthwith". We have previously addressed this issue in cases where the time lapse was even greater than three and one-half months and have upheld the suspensions concerned. *Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979); *Department of Transportation, Bureau of Traffic*

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §101 et seq., repealed by Act of June 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa. C.S. §1532, but without the word "forthwith".

*Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A. 2d 269 (1978). We must affirm the order of the court below.

ORDER

AND Now, this 24th day of September, 1979, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.