William D. Ellis, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 8, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Michael C. Usher,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 9, 1979:

On April 2, 1977, William D. Ellis (Ellis) was arrested by an officer of the Allentown Police Department and charged with a violation of Section 1037 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1037, repealed by the Act of June 17, 1976, P.L. 162 (unlawful to drive a motor vehicle while under the influence of intoxicating liquor). Following a jury trial on July 12 and 13, 1977, Ellis was determined to be guilty of the charge and was sentenced on September 26, 1977.

On February 2, 1978, Ellis received an official notice from the Bureau of Traffic Safety, dated February 1, 1978, informing him that, as a result of his violation of Section 1037 of The Vehicle Code, his operating privileges were revoked for a period of one year, as authorized by Section 616(a)(1) of The Vehicle Code, *formerly* 75 P.S. §616(a)(1).

Ellis filed an appeal from the Bureau's revocation order to the Court of Common Pleas of Lehigh County which, after argument, entered an order dismissing the appeal. Ellis then appealed to this Court from this dismissal, and we affirm.

Ellis raises a single issue; namely, that the present Vehicle Code, 75 Pa. C.S. §1532(b)(1) (effective July 1, 1977), providing for a six-month suspension, causes the one-year revocation under the former Vehicle Code to be unlawful since his revocation was imposed after the repeal of the former Vehicle Code and the effective date of the present Vehicle Code.

We deem Section 4 of the present Vehicle Code[1] to be determinative of this issue and a complete answer to Ellis' appeal. Section 4 reads as follows:

> The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of any statute repealed by this act.

Since Ellis' violation occurred during the period when the former Vehicle Code was in effect, we must conclude that Section 4 of the present Vehicle Code preserves the revocation powers given to the Bureau of Traffic Safety under the former Vehicle Code. Surely, the case against Ellis was "pending", subject to the provisions of the former Vehicle Code, and the violation was committed prior to the effective date of the present Vehicle Code. Thus, the occurrence of the violation and the pending prosecution, prior to the repeal of the former Vehicle Code, brings the instant case totally within the saving provision of Section 4 of the present Vehicle Code, and we must dismiss Ellis' appeal. *See Curtis v. Commonwealth,* 38 Pa. Commonwealth Ct. 113, 391 A.2d 1331 (1978).

Order affirmed.

### ORDER

AND Now, this 9th day of October, 1979, the order of the Court of Common Pleas of Lehigh County, dated June 19, 1978, dismissing the appeal of William D. Ellis from the license revocation order of the Bureau of Traffic Safety, is hereby affirmed.

---

[1] Sections 2 through 8 of the Act of June 17, 1976, P.L. 162, which appear not to have been assigned a Pa. C.S. section number, can be found in 75 Pa. C.S. immediately following Section 8122.