Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William A. Kirk, Appellee.

Argued November 13, 1979, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Bradley L. Mallory,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

David Mauro, with him Paul Reuben Jackson, Mc-
Monigle & Vesely & Associates, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 10, 1980:
The Commonwealth's Department of Transporta-
tion appeals an order of the Common Pleas Court of
Allegheny County setting aside the revocation of the
motor vehicle operating privileges of William A.
Kirk.[1]

On March 28, 1977, upon conviction in Butler Coun-
ty Common Pleas Court of reckless driving, operating
under the influence of intoxicating liquor, and involun-
tary manslaughter, Kirk was sentenced to six months'
imprisonment in the county jail, a fine of $1,500.00
plus costs, and two years' special probation. On April
10, 1977, Butler County certified the conviction to the
Department of Transportation. On March 28, 1978,
the Secretary of Transportation issued a one-year rev-
ocation of operating privileges effective May 2, 1978.[2]

On June 6, 1978, Allegheny County Common Pleas
Court reversed the license revocation on the grounds
that a 14-month administrative delay, coupled with the
certainty of employment loss, resulted in a sufficient
showing of prejudice to sustain the appeal. Finding
error with the lower court decision,[3] we reverse.

---

[1] Though Appellee submitted a brief in this case, neither he nor
anyone on his behalf appeared for oral argument.

[2] Revocation was pursuant to Section 616(a)(1) of the Vehicle
Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §616(a)(1).
The former Vehicle Code has since been repealed by the Act of June
17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq. We note that Section
616(a)(1) now appears as Section 1532(a)(2) in the Vehicle Code of
1976, 75 Pa. C.S. §1532(a)(2), effective July 1, 1977.

[3] Our scope of review in motor vehicle operator's license revoca-
tion cases, after a de novo hearing in the court of common pleas, is
to determine whether the findings of fact are supported by sufficient
competent evidence and to correct erroneous conclusions of law.
Department of Transportation, Bureau of Traffic Safety v. Denham,

The law is well settled that absent prejudice, the mere passage of time is insufficient to set aside an operator's license revocation predicated upon administrative delay.[4] *Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979); *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). Was the delay unreasonable considering the time and alleged resulting prejudice to the Appellee?

At the outset, the trial court erred in finding a "fourteen-month" administrative delay. Actually, the delay commenced with the Department's receipt of the April 10, 1977 certification of Appellee's conviction and extended to March 28, 1978, which according to our calculations is less than 12 months. *See* 75 P.S. §1532(a).

While the passage of time itself may not be determinative; the administrative delay can suffice if coupled with a sufficient showing of prejudice. *Department of Transportation, Bureau of Traffic Safety v. Passerella, supra,* at 355, 401 A.2d at 2. Appellee continues to argue prejudice on the grounds that his job promotion requires automobile travel, that the possibility of obtaining better employment was eliminated, and that his family would suffer the loss of his

12 Pa. Commonwealth Ct. 593, 595, 317 A.2d 328, 329 (1974). *Cf. Commonwealth v. Jenks,* 6 Pa. Commonwealth Ct. 546, 551, 296 A.2d 526, 529 (1972) (license suspension).

[4] The Department cites us to authority that delays of six months, *Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979); 17 months, *Creswell Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 170, 280 A.2d 553 (1971); 18 months, *Angelicchio Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 409, 249 A.2d 788 (1968); and 21 months, *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 175 A.2d 305 (1961), have all been found to be reasonable.

transportation services. However, the record does not support these contentions. The fact that Kirk began the new position with his present employer one and one-half months *after* notification by the Department, and contends the loss of only potentially improved employment seriously taxes our credulity. These contentions are both speculative in nature and unrelated to the administrative delay. Though bureaucratic problems causing unwarranted delays require quality supervisory attention, a minimal delay by itself is insufficient to reverse an otherwise proper revocation.

Accordingly, we

ORDER

AND Now, this 10th day of January, 1980, the order of the Court of Common Pleas of Allegheny County, dated June 6, 1978, is reversed, and the Secretary of Transportation's revocation of the operating privileges of William A. Kirk for a period of one year is hereby reinstated.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.