Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William Keller, Appellee.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for appellant.

*Theodore A. Schwartz*, of counsel, *M. Mark Mendel, Ltd.*, for appellee.

OPINION BY JUDGE BLATT, January 11, 1980:

The Department of Transportation (Department) appeals here from an order of the Court of Common Pleas of Montgomery County which sustained the appeal of William Keller (appellee) thereby reversing the Department's revocation of the appellee's operator's license.

The appellee was arrested on September 10, 1974 and charged with driving while intoxicated. He was found guilty of the charge on March 7, 1975. He filed a motion for a new trial on March 11, 1975 but withdrew this motion on March 20, 1977. Thereafter on July 29, 1977 the appellee was sentenced and the conviction was certified to the Department on September 2, 1977. Approximately seven months later the Department issued an official notice of revocation to the appellee pursuant to Section 616(a)(1) of The Vehicle Code[1] (Code). The appellee took an appeal to the court of common pleas which, after a hearing, held that the notice of revocation had not been sent within a reasonable time and it therefore sustained the appeal. The Court concluded that, because the newly enacted Vehicle Code[2] provided that notices of suspension based on accumulation of points should be sent out within six months of conviction, the legislature had evidenced an intent to mandate that a period of six months is the maximum to constitute a reasonable time within which to send out notices of revocation. We disagree.

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found at 75 Pa. C.S. §1532.

[2] 75 Pa. C.S. §101 et seq.

In *Department of Transportation, Bureau of Traffic Safety v. Passerella*, 42 Pa. Commonwealth Ct. 352, 354, 401 A.2d 1, 2 (1979) we reaffirmed our prior decisions on this question and stated:

> We never have construed the 'forthwith' requirement [of Section 616(a) of the Code] to fix an arbitrary time limit; rather, we have held that the requirement the Secretary act forthwith is directory only and compliance within a reasonable time is sufficient. Department of Transportation, Bureau of Traffic Safety v. Lea, 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

We held further in *Passerella, supra,* that the mere passage of time between conviction of a violation of the Code and the revocation of the driver's operating privileges is insufficient by itself to set aside the revocation. In addition, the driver must show that he was prejudiced by relying on the Department's failure to act. *See, e.g., Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971).

In the instant case, the appellee failed to present any evidence whatsoever as to any prejudice he had suffered. He chose instead to rely on the docket entries which merely indicated the lapse of time between his arrest and the revocation.

We must reverse the order of the lower court.

## ORDER

AND Now, this 11th day of January, 1980, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby reversed and the order of the Department of Transportation is hereby reinstated.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.