416

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Louis Frank Muller, Jr., Appellee.

Argued February 4, 1980, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General and *Edward G. Biester, Jr.*, Attorney General, for appellant.

*B. Earnest Long*, for appellee.

Opinion by Judge Mencer, April 9, 1980:

The Commonwealth appeals an order of the Court of Common Pleas of Westmoreland County sustaining

the appeal of Louis Frank Muller, Jr. (Muller) from a revocation of his motor vehicle operator's license. Following *Department of Transportation, Bureau of Traffic Safety v. Passerella*, 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979), we reverse, there being a violation of The Vehicle Code (Code)[1] and an administrative delay which is immaterial as to mitigation.

On January 20, 1977, Muller was convicted of a charge of failing to stop at the scene of an accident. On July 14, 1977, the Clerk of Courts of the County of Westmoreland certified Muller's conviction to the Bureau of Traffic Safety (Bureau). On February 2, 1978, the Bureau revoked Muller's motor vehicle operating privilege for a period of one year, effective February 23, 1978.

Muller appealed the revocation to the Court of Common Pleas of Westmoreland County. On October 25, 1978, that court filed an order sustaining the appeal which was supported by an opinion setting forth that the reason for entering the order was that "[i]t appears to this Court that the Petitioner [Muller] did not receive his Notice of Revocation until some eleven (11) months after his initial conviction" and "it clearly appears that eleven (11) months is an unreasonable period of time."[2]

In *Passerella,* we stated:

That court held that the order of revocation by the Secretary should be reversed because he had failed to revoke the operating privileges 'forthwith' upon receipt of the report of convic-

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §101 et seq., repealed by the Act of June 17, 1976, P.L. 162. The new vehicle code can be found at 75 Pa. C.S. §101 et seq.

[2] In *Heller Motor Vehicle Operator License Case*, 196 Pa. Superior Ct. 340, 175 A.2d 305 (1961), it was held that a 21-month delay between the time of the conviction and the effective date of suspension was not unreasonable as a matter of law.

tion as mandated by Section 616(a) of the Code.[3]

Nowhere in the Code do we find a statute of limitations controlling Secretary's suspension duties. We never have construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that the requirement the Secretary act forthwith is directory only and compliance within a reasonable time is sufficient. Department of Transportation, Bureau of Traffic Safety v. Lea, 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). In so holding the provision directory rather than mandatory, we do not suggest that it is to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the effect of non-compliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceedings to which it relates null and void; it is directory when the failure to follow it does not invalidate the proceedings. Delaware County v. Department of Public Welfare, 34 Pa. Commonwealth Ct. 165, 383 A.2d 240 (1978).

[3] While the applicable section of the Code here, Section 616(a), has been repealed, a similar provision is now found in the Vehicle Code of 1976, 75 Pa. C.S. §1532, which section, however, does not contain the word 'forthwith.'

42 Pa. Commonwealth Ct. at 354-55, 401 A.2d at 2.

Accordingly, we must reverse here, since the mere passage of time between Muller's conviction and the revocation of his operating privilege is insufficient by itself to set aside the action of the Bureau.[3]

---

[3] Muller contends in this appeal, as he did before the trial court, that the Bureau's delay in revoking his license resulted in prejudice

Muller was convicted of a violation of Section 1027 of The Vehicle Code of 1959, *formerly* 75 P.S. §1027, but Muller contends that the penalty imposed on him should have been imposed under the provisions of Section 1532(b) of the Vehicle Code of 1976, 75 Pa. C.S. §1532(b). The trial court did not reach this issue, since it decided in favor of Muller on the issue of unreasonable delay by the Bureau in revoking Muller's license, and we would normally remand for the trial court's further consideration and ruling. However, since we have so recently passed on this precise issue, we hold here that Muller's contention in this regard is without merit since the revocation provisions of The Vehicle Code of 1959 apply to a motor vehicle operator who violated provisions of The Vehicle Code of 1959 and the penalty provisions of the Vehicle Code of 1976 are not applicable thereto. *Hergenrother v. Commonwealth,* 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979); *Curtis v. Commonwealth,* 38 Pa. Commonwealth Ct. 113, 391 A.2d 1331 (1978).

Order reversed.

ORDER

AND Now, this 9th day of April, 1980, the order of the Court of Common Pleas of Westmoreland County is reversed, and the revocation of the motor vehicle

---

and harm to him such as to vitiate the administrative action. *See Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971). However, the crucial factor in the instant case is that the trial court failed to make a determination that on this record Muller was in fact prejudiced or harmed. Since the issue was specifically raised below, it would appear that the trial court rejected Muller's contention in this regard and thus this case is distinguishable from *Department of Transportation, Bureau of Traffic Safety v. Rutkowski,* Pa. Commonwealth Ct. , 406 A.2d 248 (1979), where the trial court found that Rutkowski suffered prejudice which was sufficient to justify a rendering of his revocation improper.

operator's license of Louis Frank Muller, Jr., for a period of one year issued by the Director of the Bureau of Traffic Safety, Department of Transportation, is hereby reinstated.

President Judge Bowman did not participate in the decision in this case.