Braxton Walton, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*James B. Cole, Stokes, Lurie & Tracy,* for appellant.

*Harold H. Cramer,* with him *John J. Kennedy, Jr.,* Assistant Attorneys General, *Ward T. Williams,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, JR., June 2, 1980:

Appellant challenges an order of the Court of Common Pleas of Allegheny County dismissing his appeal from an order of the Secretary of Transportation revoking appellant's motor vehicle operator's license for a period of six months. We affirm.

On January 6, 1978, appellant was convicted of driving at a time when his operating privileges were under prior order of suspension, a violation of Section 1543 of the Vehicle Code, 75 Pa. C.S. §1543. Appellant contends the approximately 8 month delay between his conviction and the notification of revocation was unduly long and renders that revocation invalid.[1]

Under The Vehicle Code[2], Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §101 et. seq. it was well settled that, "mere passage of time between ... conviction and ... revocation ... is insufficient by itself to set aside the action of the Bureau." *Department of Transportation, Bureau of Traffic Safety v. Muller,* 50 Pa. Commonwealth Ct. 416, 413 A.2d 751 (1980 slip op. at 2).

In addition to lapse of time it is incumbent upon an aggrieved motor vehicle operator to demonstrate that the administrative delay resulted in prejudice.

---

[1] Administrative delays of substantially greater duration than the 8 months involved here have been sustained by the courts. Most recently, an 11-month delay was upheld by this Court in *Department of Transportation, Bureau of Traffic Safety v. Muller,* 50 Pa. Commonwealth Ct. 416, 413 A.2d 751 (1980).

[2] Repealed by the Act of June 17, 1976, P.L. 162; the new Vehicle Code is found at 75 Pa. C.S. §101 et seq.

*Department of Transportation, Bureau of Traffic Safety v. Rutkowski,* 46 Pa. Commonwealth Ct. 64, 406 A.2d 248 (1979). In the instant case appellant offered no evidence of such prejudice during the hearing before the common pleas court.[3] Under prior law affirmance of the lower court would clearly be in order; our examination of the current Vehicle Code reveals no reason to depart from the well settled approach developed under prior law.

Appellant argues that the revocation of his operating privileges under these circumstances should be treated the same as a license suspension under Section 1551 of the Vehicle Code[4], 75 Pa. C.S. §1551 with respect to the effect of administrative delay. By its terms Section 1551 is only applicable to suspensions due to the accumulation of excess points. Appellant has offered no persuasive reason for applying the six month time limit of Section 1551 to suspensions or revocations provided for elsewhere in the Vehicle Code. In *Department of Transportation, Bureau of Traffic Safety v. Keller,* 48 Pa. Commonwealth Ct. 457, 410 A.2d 1288 (1980), this Court rejected the

---

[3] Appellant's attorney pointed out to the common pleas court that appellant, a truck driver, required a license for his job. Appellant's situation differs little from that of any individual whose operating privileges are taken away. While the loss of license is undoubtedly prejudicial to his livelihood, such detriment flows not from the administrative delay complained of here but is instead the legislatively mandated penalty prescribed for appellant's violation of the Vehicle Code.

[4] Section 1551 of the Vehicle Code pertinently provides:

The department shall promptly notify each person whose license or permit is suspended *as a result of the accumulation of points.* The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. (Emphasis added.)

similar argument that "the legislature had evidenced an intent to mandate that a period of six months is the maximum to constitute a reasonable time within which to send out notices of revocation." *Id.* at 458, 410 A.2d at 1289.

Accordingly, we will enter the following

ORDER

AND NOW, June 2, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division at No. SA866-1978, dated January 12, 1979 is hereby affirmed.