George R. Flick, Appellant v. Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Richard A. Consiglio, Benton, Ratchford & Consiglio,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., June 3, 1980:

This is an appeal from an order of the Court of Common Pleas of Blair County dismissing an appeal from a motor vehicle operator's license suspension notice from the Department of Transportation, Bureau of Traffic Safety (Bureau). We affirm.

Appellant was arrested on April 16, 1976, and the complaint set forth that the violation involved was either Section 1037 of The Vehicle Code (1959 Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1037 (unlawful to drive a motor vehicle while under the influence of intoxicating liquor), repealed by the Act of June 17, 1976 (Act of 1976), P.L. 162, or Section 3731 of the Vehicle Code (1976 Code), 75 Pa. C.S. §3731 (unlawful to drive a vehicle under the influence of alcohol). Although the offense occurred before the effective date of the 1976 Code, the court below allowed appellant to plead guilty on November 1, 1977 to a violation of Section 3731 of the 1976 Code. On February 9, 1978 the Bureau sent to appellant an official notice suspending his driving privileges for a period of one year, pursuant to Section 616(a)(1) of the 1959 Code, and referring to a convic-

tion on November 1, 1977 for violation of Section 1037 of the 1959 Code. Emphasizing that he pled guilty under the 1976 Code, appellant appealed the one year suspension to the court of common pleas. After a hearing the court dismissed the appeal.

Appellant has taken an appeal to this Court, contending that his suspension should be governed by Section 1532(b)(1) of the 1976 Code, which provides for a six month suspension for a violation of Section 3731 of the 1976 Code.

Under Section 8 of the Act of 1976,[1] the repeal of Section 616(a)(1) of the 1959 Code became effective on July 1, 1977. After July 1, 1977, both Section 1037 and 616(a)(1) of the 1959 Code were saved by Section 4 of the Act of 1976. *See Ellis v. Commonwealth*, 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979); *Hergenrother v. Commonwealth*, 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979). We consider Section 4 of the Act of 1976 to be determinative in the instant case. Section 4 reads as follows:

> The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of any statute repealed by this act.

In *Ellis, supra,* the driver was arrested on April 2, 1977 for driving while intoxicated, was convicted and was sentenced on September 26, 1977, and argued that the six month suspension penalty under Section

---

[1] Sections 2 through 6 and 8 of the Act of June 17, 1976, P.L. 162, which appear not to have been assigned a Pa. C.S. section number, can be found in 75 Pa. C.S. immediately following Section 8122.

1532(b)(1) of the 1976 Code governed. Judge Mencer wrote for this Court: .

> Since Ellis' violation occurred during the period when the former Vehicle Code was in effect, we must conclude that Section 4 of the present Vehicle Code preserves the revocation powers given to the Bureau of Traffic Safety under the former Vehicle Code. Surely the case against Ellis was 'pending,' subject to the provisions of the former Vehicle Code, and the violation was committed prior to the effective date of the present Vehicle Code. Thus, the occurrence of the violation and the pending prosecution, prior to the repeal of the former Vehicle Code, brings the instant case totally within the saving provision of Section 4 of the present Vehicle Code, and we must dismiss Ellis' appeal.

*Ellis*, 46 Pa. Commonwealth Ct. at 385, 406 A.2d at 1181-82. We likewise dismiss the appeal in the instant case and accordingly will enter the following

### ORDER

AND NOW, June 3, 1980, the order of the Court of Common Pleas of Blair County, docketed at Motor Vehicle Suspension Appeal No. 231 January Term 1978, dated March 16, 1979, dismissing the appeal of George R. Flick, is affirmed.