Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Claude A. Fisher, Jr., Appellee.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*David F. Spang, Merkel, Spang & Weidner,* for appellee.

OPINION BY JUDGE BLATT, December 18, 1980:

The Department of Transportation, Bureau of Traffic Safety (Bureau), seeks review here of an

order by the Court of Common Pleas of Berks County which overruled a one-year operator's license suspension imposed by the Bureau upon the appellee, Claude A. Fisher, Jr.

On June 13, 1977, the appellee was convicted of driving a motor vehicle while under the influence of alcohol thereby violating Section 1037 of The Vehicle Code (1959 Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1037, repealed by Act of June 17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq. (1976 Code). On July 6, 1977, certification of this conviction was received by the Bureau which notified the appellee on January 16, 1978, that, as of February 6, 1978, his license to operate a motor vehicle would be suspended for one year. On February 3, 1978, the Court of Common Pleas of Berks County granted a stay of the revocation order pending a determination of the merits, and, after oral argument, the court reversed the suspension on the ground that the Bureau lacked authority to impose this suspension. The Court held that Section 616(a)(1) of the 1959 Code, under which the appellee had received his one-year suspension, had been replaced by Section 1532(b)(1) of the 1976 Code, 75 Pa. C.S. §1532(b)(1), which allowed only a six-month suspension and had become effective on July 1, 1977, which was before the appellee's license was revoked.

In cases decided subsequent to the lower court's order, this Court has held that the powers of revocation which the Bureau possessed under the 1959 Code were preserved by Section 4 of the 1976 Code[1] in

---

[1] Section 4 of the 1976 Code, included in the supplementary provisions of the 1976 Code which follow 75 Pa. C. S. §8122, provides:

The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any

cases such as this where the violation preceded the effective date of the 1976 Code but the suspension followed that date. *Ellis v. Commonwealth,* 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979); *Hergenrother v. Commonwealth,* 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979). We must conclude, therefore, that the Bureau did indeed have the authority to revoke the appellee's license for one year.

The appellee argues further, however, that the Bureau failed to afford him due process in that he was not given sufficient time after notice of his revocation and before the Bureau's action became effective in which to obtain a departmental hearing or a de novo adjudication. *Bell v. Burson,* 402 U.S. 535 (1971). This position is untenable. The supersedeas order of February 3, 1978, preceded and *delayed* the effective date of the suspension *pending a de novo hearing* and the appellee's license has not, in fact, been suspended even up until the present time. We must conclude, therefore, that there has been no deprivation of due process.[2] *See Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

The appellee finally argues that the Bureau violated the requirement of Section 616(a) of the 1959 Code (i.e., that a license shall be revoked "forthwith" upon receipt of a certification of conviction) because there was in this case a delay of six months and ten days between the certification of the conviction on

---

act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of any statute repealed by this act.

[2] Moreover, due process does not mandate that a hearing must always precede the suspension of a driver's license. *See Mackey v. Montrym,* 443 U.S. 1 (1979).

July 6, 1977 and the notice of license revocation on January 16, 1978. We have previously held, however, that the existence of such a delay is insufficient by itself to set aside the revocation and the appellee must additionally demonstrate that he was somehow prejudiced by the failure of the Bureau to act promptly. *Department of Transportation, Bureau of Traffic Safety v. Keller*, 48 Pa. Commonwealth Ct. 457, 410 A.2d 1288 (1980). The appellee's failure to produce evidence of such prejudice before the lower court, therefore, would normally require us to reject his argument on the ground that he has not met his burden of proof. *Department of Transportation, Bureau of Traffic Safety v. Keller, supra.* Under the unique circumstances here, however, we find that it is necessary to remand this case to the lower court to allow the appellee the opportunity to produce evidence of prejudice caused by the Bureau's delay if he has such evidence. The appellee's petition for review pleaded the requisite prejudice and his brief asserts that no evidence was presented on that question below solely because of the trial judge's indication to counsel that the issue of the repeal of authority for revocation under the 1959 Code would be determinative. More importantly, the memorandum opinion of the lower court requested a remand for disposition of the case in light of *Ellis v. Commonwealth, supra* and *Hergenrother v. Commonwealth, supra.*

We shall, therefore, reverse the order of the lower court and remand the case for a determination as to whether or not there was prejudicial delay.

## ORDER

AND Now, this 18th day of December, 1980, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed and the

case remanded for disposition in accordance with this opinion.