Edward M. Saron, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

478

Argued November 17, 1980, before Judges WILKIN-SON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Jeffrey S. Weiss, Seewald, Carb & Siegel, P.C.,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE PALLADINO, December 19, 1980:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing the appeal of Edward M. Saron (Appellant) from an order of the Department of Transportation, Bureau of Traffic Safety (Bureau) revoking his motor vehicle operator's privileges for one year. We affirm.

Appellant was arrested on February 21, 1977, and charged with a violation of Section 1027(a) of the Vehicle Code (1959 Code), Act of April 29, 1959, P.L.

58, *as amended, formerly* 75 P.S. §1027(a), repealed by the Act of June 17, 1976, P.L. 162 (failure to stop at the scene of an accident). On May 26, 1977, Appellant was convicted of the charge by the lower court. He received notification from the Bureau on November 26, 1978 revoking his driving privileges for a period of one year, pursuant to Section 616(a)(3) of the 1959 Code.

Appellant contends that the unduly long period between his conviction and notification of revocation (approximately 17 months) renders the revocation invalid and that the Bureau further erred in revoking his license for one year under Section 616(a)(3) of the 1959 Code, rather than for six months under Section 1532(b)(1) of the Vehicle Code (1976 Code), 75 Pa. C. S. §1532(b)(1) (effective July 1, 1977). Emphasizing that he received the notification of revocation after the repeal of the 1959 Code and the effective date of the 1976 Code, Appellant argues that his revocation should be governed by the applicable provisions of the 1976 Code.

In disposing of Appellant's second contention we feel there is no need to restate in detail what we consider to be the settled law in this area. Suffice it to say that this Court has determined in several recent cases similar to the present situation that "[t]he fact that the revocation order issued after July 1, 1977 is irrelevant, since Appellant incurred the liability before that date under a statute repealed by the Act of 1976." *Hergenrother v. Commonwealth of Pennsylvania*, 45 Pa. Commonwealth Ct. 175, 179, 406 A.2d 575, 577 (1979). Thus, the date on which the liability was incurred controls and the revised revocation provisions of the 1976 Code can have no effect on a violation of the law which occurs prior to July 1, 1977. *See Flick v. Commonwealth of Pennsylvania*, 51 Pa. Commonwealth Ct. 623, 415 A.2d 433 (1980); *Ellis v.*

*Commonwealth of Pennsylvania,* 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180. Since the violation here occurred on February 21, 1977, well before the effective date of the 1976 Code, the Bureau acted properly in revoking for one year pursuant to the provisions of the 1959 Code.

With respect to the issue that the revocation is invalid because of an unreasonable delay by the Bureau, the Appellant is mistaken in both his computation of the delay period and in his conclusion that he has made the required showing of prejudice necessary to set aside the revocation.

While Section 616(a) of the 1959 Code specifies that the Bureau must act to revoke "forthwith" upon receipt of the certification of conviction from the lower court, "[w]e never have construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that the requirement that the Secretary act forthwith is directory only and compliance within a reasonable time is sufficient." *Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 354, 401 A.2d 1, 2 (1979). On the contrary, administrative delay alone is insufficient to nullify a revocation of operating privileges. "[A]bsent a showing of prejudice, the mere passage of time . . . is not sufficient justification to set aside the action of the secretary." *Department of Transportation, Bureau of Traffic Safety. v. Lea,* 34 Pa. Commonwealth Ct. 310, 312, 384 A.2d 269, 270-71 (1978).

The record does not support Appellant's argument that he was prejudiced insofar as his livelihood was concerned. The evidence shows that Appellant was unemployed at the time of the violation, and that he remained unemployed throughout the delay period, despite the fact that he still had his operating privileges. The contention that the fear of an eventual re-

vocation prevented the Appellant from searching for employment is speculative at best and hardly qualifies as a showing of prejudice sufficient to set aside the revocation.

Notwithstanding the fact that a finding of insufficient prejudice is dispositive of the appeal, the Appellant is in error in claiming a 17 month delay. Appellant would have us calculate the delay from the date of his conviction to the date of revocation. Actually, the delay should have commenced when the Bureau received a certification of the conviction from the lower court which, although the record is unclear on the exact date, was certainly no earlier than September, 1978. *Department of Transportation, Bureau of Traffic Safety v. Kirk,* 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980).

Accordingly, we will enter the following

ORDER

AND Now, December 19, 1980, the order of the Court of Common Pleas of Allegheny County, dated February 1, 1979, dismissing the appeal of Edward M. Saron from the license revocation order of the Bureau of Traffic Safety, is hereby affirmed.