Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Robert Reott, Appellee.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel of Transportation, *Robert W. Cunliff,* Deputy Attorney General, *Harvey Bartle, III,* Acting Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for the appellee.

OPINION BY JUDGE ROGERS, January 22, 1981:

The Department of Transportation (Department) has appealed from the action of the Court of Common Pleas of Westmoreland County reversing the Department's revocation of Robert Reott's operator's license.

In September 1978, Reott was convicted of driving while under a prior license suspension, a violation of the Vehicle Code, 75 Pa. C. S. §1543. About seven months later, the Department sent notice to Reott, informing him that his license would be revoked for six months effective April 25, 1979. Reott appealed the Department's action to the court below and a hearing was conducted at which Reott was represented by counsel. Reott's sole defense was an attack on the merits of his conviction of driving while under suspension. The trial Judge sustained the Department's objections to this line of attack. The court later entered an order effectively setting aside the revocation on the ground that the Department had failed to comply with the requirement of 75 Pa. C. S. §1551 that notice of the suspension of operating privileges be given within six months of the date of conviction. Although the court recognized that 75 Pa. C. S. §1551

pertains to the suspension of an operator's license for point accumulation, not revocation for driving while under suspension, it reasoned that the six month provision was reasonable and should be applied to all suspension or revocation notifications.

The Department contends that because Reott did not raise the issue of the timeliness of the revocation notice in the court below, it was error to overturn Reott's revocation on that ground. We agree. A trial court errs when it rules on an issue not presented to it, because an issue not raised is deemed waived. *Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157, 1158 (1980).

Order reversed.[1]

ORDER

AND Now, this 22nd day of January, 1981, the order of the Court of Common Pleas of Westmoreland County, No. 3491 of 1979, is hereby reversed and the order of the Department of Transportation is hereby reinstated.

---

[1] While it is not necessary to reach the merits of the lower court's holding, we note that our decision in *Bureau of Traffic Safety v. Keller,* 48 Pa. Commonwealth Ct. 457, 410 A.2d 1288 (1980), handed down after this case was decided below would require us to reverse on the merits.