Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* James R. Fetter, Appellee.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Dorean D. Nelson,* with her *Paul A. Bell, II,* for appellee.

OPINION BY JUDGE ROGERS, March 10, 1981:

James R. Fetter was charged with operating his motor vehicle while under the influence of intoxicants on January 31; 1977 under Section 1037 of the Vehicle

Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1037, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. On March 28, 1978 Mr. Fetter was convicted of the violation in a jury trial in the Common Pleas Court of Columbia County. In accordance with Section 616(A) (1) of the old Vehicle Code, the Bureau of Traffic Safety of the Department of Transportation revoked Mr. Fetter's operator's license for a period of one year.

Mr. Fetter appealed and the court below directed the Bureau of Traffic Safety either to restore Mr. Fetter's operating privileges or to issue a new order of suspension for six months only, as provided in Section 1532(b) of the new Vehicle Code.

The issue is that of whether the court below was correct in holding that, although the violation occurred when the old Vehicle Code was in effect, the less stringent penalty of the new Vehicle Code applied because the conviction and revocation occurred after the effective date of the new Vehicle Code. The court below erred. *Ellis v. Commonwealth*, 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979), and *Flick v. Commonwealth*, 51 Pa. Commonwealth Ct. 623, 415 A.2d 433 (1980) are controlling. There, we held that, where the offenses occurred while the old Vehicle Code was in effect, the savings clause of the new Vehicle Code preserved the revocation powers of the Bureau of Traffic Safety under the old Code.

Order reversed; the Bureau of Traffic Safety's action of revocation is reinstated.

### ORDER

AND Now, this 10th day of March, 1981, the order of the Court of Common Pleas of Westmoreland County is reversed and the Bureau of Traffic Safety's order of revocation is reinstated.