Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Theodore K. Lilley, Jr., Appellee.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, June 1, 1981:

Theodore K. Lilley was convicted on January 11, 1977, of failure to stop and disclose his identity at the scene of a motor vehicle accident in violation of Section 1027 of The Vehicle Code of 1959 (old Code), Act of April 29, 1959, P.L. 58, *as amended, formerly,* 75 P.S. §1027, repealed by the Act of June 17, 1976, P.L. 162. In accordance with Section 616(a)(3) of the old Code he was notified by the Department of Transportation (Department) of a one-year suspension of his driving privileges beginning July 28, 1977. On July 25, 1977, Lilley appealed the suspension to the Court of Common Pleas of Berks County arguing that the one-year suspension was not authorized by the newly enacted Vehicle Code of 1976 (new Code), 75 Pa. C. S. §101 *et seq.* which became effective on July 1, 1977. The Court of Common Pleas sustained the appeal and

the Department here seeks review of that determination.

As the Court below recognized in its memorandum opinion, decisions of this Court, not available when the appeal was sustained, hold that provisions of the old Code remain applicable to offenses which occurred while the old Code was in effect although the convictions or suspension actions occur after the effective date of the new Code. These decisions require us to reverse the order below. *Hergenrother v. Commonwealth*, 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979) ; *Ellis v. Commonwealth*, 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979).

Order reversed.

### ORDER

AND Now, this 1st day of June, 1981, the Order of the Court of Common Pleas of Berks County sustaining the appeal of Theodore K. Lilley is reversed.