Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Daniel Potchak, Appellee.

Submitted on briefs, June 4, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, October 7, 1981:

October 6, 1977, Daniel Potchak (appellee) was convicted on the misdeameanor charge of receiving stolen property, arising from an incident that occurred on March 15, 1977. Since the misdemeanor involved the use of a motor vehicle, the Bureau of Traffic Safety (Bureau) suspended appellee's operating privilege for one year, pursuant to Section 618(a)(2) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §618(a)(2), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found at Section 1532(b) of the present Vehicle Code, 75 Pa. C. S. §1532(b) (effective July 1, 1977), with the modification that only certain enumerated misdemeanor convictions, not involved here, will result in the loss of operating privileges.

On appeal, the court below reversed the suspension and ordered that appellee's operating privilege be reinstated. We reverse.

The Bureau argues that the former Vehicle Code governs the penalty to be imposed in this case, since the misdemeanor was committed prior to the effective date of the present Vehicle Code. We agree. Where the acts giving rise to a loss of operating privileges occurred while the former Vehicle Code was in effect, the provisions of the former Vehicle Code apply, even

if the conviction and suspension occurred after the effective date of the present Vehicle Code. *Ellis v. Commonwealth,* 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979). This approach gives effect to Section 4 of the present Vehicle Code, 75 Pa. C. S. App: 4, which provides that the suspension powers given to the Bureau under the former Vehicle Code shall be preserved for "any act done" or "liability incurred" while the former Vehicle Code was in effect. *Flick v. Commonwealth,* 51 Pa. Commonwealth Ct. 623, 415 A.2d 433 (1980); see *Hergenrother v. Commonwealth,* 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979).

Order reversed and suspension order of Bureau of Traffic Safety reinstated.

## ORDER

AND Now, this 7th day of October, 1981, the order of the Court of Common Pleas of Cambria County, sustaining the appeal of Daniel Potchak, is hereby reversed, and the suspension order of the Bureau of Traffic Safety is reinstated.