## Graeff v. Pa., Department of Transportation

*Blaine J. DeSantis*, for plaintiff.
*J. Matthew Wolfe*, for the Commonwealth.

ESHELMAN, T. J., *J.*, January 18, 1985— This case came before the court on an appeal from an order of the Department of Transportation (hereinafter department) suspending the appellant's operating privileges for a period of 30 days on a conviction for failure to stop for a school bus with flashing red lights.[1] A hearing was held before this court on September 6, 1984.

---

1. Pa.C.S. §1535(a), §3345(a).

## FINDINGS OF FACT

1. Appellant, Francis D. Graeff, is an adult individual residing at 3228 Perkiomen Avenue, Reading, Berks County, Pa.

2. On November 19, 1982, appellant was given a citation for violating section 3345(a) of the Vehicle Code.

3. On January 5, 1983, the appellant filed an appeal from his summary conviction and a hearing was held on March 29, 1983.

4. On March 29, 1983, by order filed March 31, 1983, appellant was found guilty of violating section 3345(a) and the appeal was dismissed

5. On March 31, 1983, a certified copy of the aforesaid order disposing of appellant's summary appeal filed to no. 52 January 1983 was issued to the Commonwealth of Pennsylvania, Department of Transportation by first class mail by the prothonotary.

6. On June 21, 1984, the Commonwealth mailed to appellant an official notice of the suspension of his operating privileges for a period of 30 days and the assessment of five points pursuant to section 1535(a) of the Vehicle Code.

7. On July 3, 1984, the appellant filed a timely appeal from the department's order of suspension.

8. On September 6, 1984, the Commonwealth presented into the record a certified copy of their records which included: (a) Official Notice of Suspension; (b) Citation No. L160819, reverse certification of disposition dated 3/29/84 (sic); (c) Driving record of appellant in the Bureau of Driver Licensing.

## DISCUSSION

Section 1535(a) of the Vehicle Code provides for the assessment of points for convictions of various offenses under the code. Pursuant to this section, five points are to be assessed to a driver who is convicted of violating section 3345(a) of the code, which requires a driver to stop for a school bus with flashing red lights. Section 1535(a) further specifies a 30 day suspension in addition to the assessment of points.

Section 3345(a) is a lonely anomaly within the schedule of convictions and points because of the provision for a 30 day suspension. This section is the only section which imposes a mandatory assessment of points as well as a suspension. Section 1535(c) reads as follows:

"No points after six months — the department shall assign points to the record of any person within six months from the date of a conviction. Any points assigned after such six-month period shall be null and void."

The issue in this case is whether this time constraint should also apply to the suspension imposed by way of section 1535(a).

Appellant contends that the point assessment and suspension are in effect a single penalty to be governed by the time constraints of section 1535(c). The Commonwealth asserts that section 1535(c) refers to and specifically limits its application to points. This assertion thereby allows the Commonwealth to suspend operating privileges upon certification of conviction without any statutory time constraints. Section 1532 of the code sets forth the offenses for which a conviction will result in the automatic revocation or suspension of a driver's operating privileges. Section 3345(a) is not included

in this section. In cases of revocation/suspension under section 1532, the mere passage of time between conviction and the actual revocation/suspension is insufficient in itself to set aside the revocation/suspension. The driver must show prejudice by relying on the department's failure to act. The Commonwealth Court has refused to impose a time limit where no such limit is provided by statute.[2] Horner v. Commonwealth of Pennsylvania, 59 Pa. Comm. 519, 430 A.2d 387 (1981); Commonwealth of Pennsylvania v. Keller, 48 Pa. Comm. 457, 410 A.2d 1288 (1980); Commonwealth v. Kirk, 48 Pa. Comm. 429, 410 A.2d 95 (fn.4) (1980); Commonwealth v. Parr, 56 Pa. Comm. 203, 424 A.2d (1981); Saron v. Commonwealth of Pennsylvania, 55 Pa. Comm. 477, 423 A.2d 1099 (1980). Therefore, the Commonwealth likens a suspension under section 1535(a) to a mandatory suspension or revocation under section 1532. We disagree.

A review of the applicable sections of the Vehicle Code, which does not mention the suspension provision for a violation of section 3345(a) anywhere but in section 1535(a), suggests that the suspension and points are imposed due to the violation of 345(a) and that the suspension is not a separate, independent sanction brought under section 1532 or any other section. The suspension is therefore only im-

---

2. Section 1551 of the code states that the department shall notify a driver whose license is suspended as a result of an accumulation of points within six months following conviction of a violation that results in the addition of sufficient points to cause suspension. This section is inapplicable to the appellant, since the assessment of five points alone does not justify a suspension due to an accumulation of the specified number of points.

posed under section 1535(a), which is the point assessment provision. Since the suspension element of the penalty is mentioned only in the schedule of points and convictions, it is reasonable to assume that both the suspension and points are to be assigned at the same time.

The Commonwealth's official notice to the appellant states that due to a conviction of violating sections 3345(a), five points were assigned to appellant's record and, as mandated by section 1535(a), there is a 30 days' suspension imposed. The Commonwealth's position in this case would allow the suspension alone to be imposed after the six-month period provided by section 1535(c), but would not allow the imposition of points after this time. The lack of a statutory time constraint may be reasonable when a revocation or suspension is imposed under section 1532, but there is no reason to separate the penalties involved here and apply the limit of section 1532(c) to the points, while the suspension is unaffected by the passage of time.

The Commonwealth, in its memorandum of law, argues that if the legislature did not want to assess these penalties separately, they could have included in section 1535(c) a provision that would have included any mandatory suspension. However, the legislature did not include the suspension at issue in the mandatory suspension section 1532, which does not include a time constraint similar to section 1535(c). The suspension at issue is only mentioned in 1535(a), the points schedule. In addition, suspensions pursuant to an accumulation of points are subject to the six-month constraint of section 1551. We therefore find that section 1535(c) applied to the assignment of points and the imposition of the 30 day suspension here involved.

## CONCLUSIONS OF LAW

1. Appellant was convicted of a violation of section 3345(a) of the Vehicle Code.

2. Section 1535(c) of the code, requiring the assignment of points within six months from the date of a conviction, also applied to the imposition of a 30 day suspension for a violation of section 3345(a).

3. Neither the points nor the suspension were assigned to the appellant within six months from the date of his conviction.

## ORDER

And now, this January 18, 1985, it is ordered that appellant's appeal from the suspension of his operating privileges is hereby sustained. The points and suspension assigned shall be null and void.